In the Matter of the Estate of VINCENZINA F. SPATAFORA, Deceased.

Surrogate's Court, Suffolk County, May 16, 1962.

*David H. Gilmartin* for petitioner. *Charles W. Gatz,* as special guardian of Florence Gualtieri, respondent.

PIERSON R. HILDRETH, S. On this application for letters of administration a question of survivorship as between decedent and her husband is presented.

Decedent and her husband, as well as a daughter of the husband died January 1, 1962, in a tragic automobile accident which was clearly a common disaster. The administrator of the estate of decedent's husband has requested that letters issue to him. If, in fact, decedent's husband survived her, the representative of his estate will be entitled to letters, but if he did not survive her or if the deaths are regarded as having occurred simultane-

ously, decedent's sole distributee is her 20-year-old daughter whose general guardian will be entitled to letters.

The evidence in this matter leads the court to the conclusion that it is unable to determine actual survivorship and therefore the deaths of decedent, her husband and her stepdaughter must be regarded as having occurred simultaneously. (Decedent Estate Law, § 89.) The medical evidence showed that the injuries received at the moment of impact were fatal. Decedent and her husband each sustained ruptured aortas, the rupture in the case of decedent being complete. Upon the evidence the court finds that each died either immediately or within moments following the accident without consciousness or life being possible.

The first third person to arrive at the scene of the accident testified that no signs of life in any of the persons could be observed. The police reports indicated that the bodies showed no signs of life. The physician who came to the scene after the accident pronounced all persons dead as he examined them. In view of the fatal injuries certain movements or reactions as were observed by one police officer must be regarded as involuntary reactions after death.

In a case of deaths in a common disaster there is no presumption as to who survived, nor is there any presumption that deaths were simultaneous. The burden of proof is on the party asserting survivorship to establish it as a fact or at least by evidence which would fairly warrant an inference of survivorship. (*St. John* v. *Andrews Inst. for Girls,* 117 App. Div. 698.) When actual survivorship cannot be ascertained, the property of each will pass under the statute (Decedent Estate Law, § 89) as though each survived. The court finds that the proof fails to establish that decedent's husband survived her. Accordingly, the application of decedent's administrator for letters is denied. The court finds that the deaths must be regarded as having occurred simultaneously. Letters will issue to the general guardian of decedent's daughter upon appointment and qualification pursuant to law.