OPINION OF THE COURT
F. Warren Travers, S.
The above-named decedents were husband and wife and both died, apparently almost simultaneously, as the result of injuries sustained in an automobile accident on March 5, 1979. It is now necessary to establish the order of their deaths, in order that distribution of the assets of the estates can be made.
*818 In view of the circumstances of decedents’ deaths, it is necessary to consider whether the New York State Uniform Simultaneous Death Act (EPTL 2-1.6) governs the distribution of the estates’ assets. The statute provides that "Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived”. (EPTL 2-1.6, subd [a].)
Where two persons die in a common disaster, there is no presumption as to which person survived, and there is no presumption that the deaths were simultaneous. The burden of proof is on the party claiming survivorship to establish it as a fact or by evidence, which fairly warrants an inference of survivorship. (Matter of Spatafora, 35 Misc 2d 128.)
Petitioner claims that Paula E. Bausch survived her husband and that his estate should be distributed accordingly. Petitioner has submitted the decedents’ death certificates which have been certified by the County Coroner. The certificates recite that Paula E. Bausch died at 8:00 a.m., and her husband died at 7:55 a.m. The certificates made by the County Coroner state in part: "On the basis of examination and/or investigation, in my opinion death occurred at the time * * * stated.”
Subdivision 3 of section 4103 of the Public Health Law provides in part that "a * * * death certificate * * * shall be prima facie evidence in all courts and places of the facts therein stated.” There has been some question as to whether a death certificate is admissible to prove any facts other than the fact of death. (See Fisch, New York Evidence, § 956; Matter of Esther T., 86 Misc 2d 452, and cases cited therein.)
This court is persuaded by the reasoning of Surrogate Bennett as expressed in Matter of Esther T. (supra), and holds that the death certificates offered by petitioner are admissible in evidence together with the collateral facts stated therein and not solely for the proof of death.
The court is satisfied that EPTL 2-1.6 does not apply in the case now before the court.
The death certificates are sufficient proof of the fact that John A. Bausch predeceased his wife by approximately five minutes.
The estate of John A. Bausch shall be distributed as though *819 his wife survived and Paula E. Bausch’s estate shall be distributed as though her husband predeceased her.