(638 P.2d 378)
No. 53,309

The Estate of Nancy Sue Schweizer, Deceased, ELIZABETH SUE ANDERSON, Administratrix, *Appellant,* v. In the Matter of the Estate of Roland E. Schweizer, Deceased, *Appellee.*

Opinion filed December 23, 1981.

*Dennis D. Roth,* of Buckles, Roth & Boyce, of Burlington, for appellant.

*Orville J. Cole,* of Cole & Doering, of Garnett, for appellee.

Before ABBOTT, P.J., SPENCER and MEYER, JJ.

ABBOTT, J.: This appeal concerns the Uniform Simultaneous Death Law (K.S.A. 58-701 *et seq.*).

Roland E. Schweizer and Nancy Sue Schweizer were husband and wife. They died as the result of an accident under circumstances that all parties to this appeal agree make it impossible to prove they died other than simultaneously. Both died intestate, each being survived by four children from a previous marriage. Probate proceedings were commenced in both estates, and the administratrix of Mrs. Schweizer's estate filed a claim in Mr. Schweizer's estate for one-half of it as his surviving spouse. The trial court held that the property of each descended to his or her heirs-at-law as if each had survived the other. This appeal followed.

At common law, there was no presumption of either survivorship or simultaneous death. As a result, the burden of proof fell on whoever was attempting to establish the order of death— frequently an impossible burden. In order to bring some order out of that chaos, the National Conference of Commissioners on

Uniform State Laws drafted a Uniform Simultaneous Death Act, which Kansas adopted in 1947 (K.S.A. 58-701 *et seq.*). That act does not resolve the unresoluble. It does not provide a presumption as to the survivor of persons who have perished in a common disaster. It does not constitute a rule of evidence. *In re Estate of Cruson,* 189 Or. 537, 221 P.2d 892, 20 A.L.R.2d 219 (1950). The purpose of the act is to provide substantive law to govern the devolution of property when there is no evidence that the deaths occurred other than simultaneously. *In re Estate of Moran,* 77 Ill. 2d 147, 395 N.E.2d 579 (1979); *Brundige v. Alexander,* 547 S.W.2d 232, 234 (Tenn. 1976). The theory of the Uniform Simultaneous Death Act is simple—that as to the property of each deceased, he or she is presumed to be the survivor and the property is administered accordingly. 8 U.L.A., Commissioners' Prefatory Note, p. 606 (1972); 1 Bartlett's Kansas Probate Law & Practice §§ 253, 261 (rev. ed. 1953).

In the case at bar, Mrs. Schweizer's estate does not claim any interest in the property of Mr. Schweizer's estate other than a statutory share pursuant to Kansas intestacy law. K.S.A. 59-504 states:

> "If the decedent leaves a spouse and no children nor issue of a previously deceased child, all the decedent's property shall pass to the surviving spouse. If the decedent leaves a spouse and a child, or children, or issue of a previously deceased child or children, one-half of such property shall pass to the surviving spouse."

We believe K.S.A. 58-701 to be controlling and Mr. Schweizer's estate must be administered as if he survived Mrs. Schweizer. His property would be subject to K.S.A. 59-506, which states in pertinent part: "If the decedent leaves a child, or children, or issue of a previously deceased child or children, and no spouse, all his or her property shall pass to the surviving child, or in equal shares to the surviving children. . . ." In this case, the estate of Mrs. Schweizer, because she is presumed to have died before Mr. Schweizer, is not entitled to a share. Likewise, Mr. Schweizer's estate is not entitled to any share of Mrs. Schweizer's estate, because in her probate case she is presumed to have survived him. See *In re Spatafora's Estate,* 35 Misc. 2d 128, 229 N.Y.S.2d 601 (1962); *In re Gerasimoff's Estate,* 96 N.Y.S.2d 142, 143 (Sur. Ct. 1950).

The trial court did not err in holding that neither Mrs.

Schweizer nor her distributees have an interest in Mr. Schweizer's estate.

Affirmed.