opinion of the court
F. Warren Travers, S.
The above-named decedent and his daughter, Maureen A. Whitaker, were discovered dead on July 19,1983. Decedent, a widower, and his unmarried daughter lived together. The only distributees of the decedent are a brother, sister, and the descendants of a predeceased half-brother.
It is now necessary to establish the order of their deaths, in order that distribution of the assets of the estates can be made.
In view of the circumstances of the two deaths, it is necessary to consider whether the New York State Uniform Simultaneous Death Act (EPTL 2-1.6) governs the distribution of the estate assets. The statute provides that “Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived”. (EPTL 2-1.6, subd [a].)
Where two persons die in a common disaster, there is no presumption as to which person survived, and there is no presumption that the deaths were simultaneous. The burden of proof is on the party claiming survivorship to *1022 establish it as a fact or by evidence, which fairly warrants an inference of survivorship. (Matter of Spatafora, 35 Misc 2d 128.)
Petitioner claims that William M. Whitaker survived his daughter and that his estate should be distributed accordingly. Petitioner has submitted two death certificates which have been certified by the medical examiner. The certificates recite that William M. Whitaker died at 10:40 p.m., and his daughter died at 10:42 p.m. The certificates made by the county coroner state in part: “On the basis of examination and/or investigation, in my opinion death occurred at the time * * * stated.”
Subdivision 3 of section 4103 of the Public Health Law provides in part that “a * * * death certificate * * * shall be prima facie evidence in all courts and places of the facts therein stated.” There has been some question as to whether a death certificate is admissible to prove any facts other than the fact of death. (See Fisch, NY Evidence [2d ed], § 956, p 553; Matter of Esther T., 86 Misc 2d 452, and cases cited therein.)
This court is persuaded by the reasoning of Surrogate Bennett as expressed in Matter of Esther T. (supra), and follows its own thinking in Matter of Bausch (100 Misc 2d 817) and holds that the death certificates offered by petitioner are admissible in evidence together with the collateral facts stated therein and not solely for the proof of death.
The court is satisfied that EPTL 2-1.6 does not apply in the case now before the court.
Petitioner argues that the daughter, Maureen A. Whitaker, predeceased her father, although there is prima facie evidence to the contrary.
Petitioner produced the affidavit of the chief medical examiner and chief pathologist for Rensselaer County to the effect that the official pronouncements of times of death as listed in the death certificates were made on the basis of the actual times he personally came upon the bodies and made the determination that they, indeed, had expired. “Thus, Mr. Whitaker was pronounced earlier than Maureen, as I came upon and examined Mr. Whitaker *1023 first.” The affidavit further states, “based on the comparative degrees of postmortem changes, including such changes as postmortem rigidity, lividity, autolytic and decomposition changes, and changes in the potassium of the vitreous fluid, it is my opinion that Maureen A. Whitaker died first, that she must have been dead for some time, maybe hours, when William M. Whitaker himself expired.”
The court finds that the proof submitted by the petitioner is sufficient to overcome the mandate of subdivision 3 of section 4103 of the Public Health Law. The proof establishes that Maureen A. Whitaker predeceased her father and his estate shall be distributed accordingly.